**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

JERRY MILLS,
ADC #112594                                                                           PLAINTIFF

V.                 CASE NO. 5:15-CV-00031 JLH/BD

PARKERSON and WATKINS                        DEFENDANTS

**RECOMMENDED DISPOSITION**

**I.**       **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection.

Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. The Clerk of Court will furnish a copy of your objections to the opposing parties.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail all objections to:

       Clerk, United States District Court
       Eastern District of Arkansas
       600 West Capitol Avenue, Suite A149
       Little Rock, AR 72201-3325

**II.    Discussion:**

Plaintiff Jerry Mills, an inmate at the Varner Unit of the Arkansas Department of Correction, filed this lawsuit pro se under 42 U.S.C. § 1983, alleging that he was wrongfully disciplined for an incident that occurred on April 10, 2014.  Specifically, he alleges that Defendant Parkerson "ran an unauthorized shower call," but did not allow all of the inmates to participate.  As a result, inmates assaulted Defendant Parkerson.  Apparently, Mr. Mills was involved in that incident and received a disciplinary charge, for which he was convicted.

Mr. Mills now claims that if Defendant Parkerson had not violated ADC policy by allowing inmates to participate in an unauthorized shower call, the assault would not have occurred, and he would not have been disciplined.  Mr. Mills has sued Defendant Parkerson and Randy Watkins, warden of the Varner Unit, asking that his disciplinary conviction be reversed.

Mr. Mills's claims should be dismissed before the Defendants are served with the Complaint for at least two reasons.  First, a prison official's failure to follow prison policy does not rise to the level of a constitutional violation.  *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996).  In other words, Defendant Parkerson's compliance with ADC shower-call policy is not a matter that courts can address under § 1983.

Second, the Court cannot grant Mr. Mills the relief that he seeks because courts cannot reverse disciplinary convictions in § 1983 lawsuits.  Instead, Mr. Mills would have

to pursue that kind of relief in a federal or state habeas corpus action. *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) (citing *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 ("when inmate's success on a § 1983 claim would necessarily imply invalidity of a result of disciplinary proceedings . . . the § 1983 claim does not arise until state or federal habeas court has invalidated disciplinary result")).

### III. Conclusion:

The Court recommends that Mr. Mills's claims be DISMISSED, without prejudice. The Court further recommends that the Court certify that an *in forma pauperis* appeal of this dismissal would be frivolous and would not be taken in good faith.

DATED this 5th day of February, 2015.

_____
UNITED STATES MAGISTRATE JUDGE